NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-430

DAVID SCOTT TRAHAN

VERSUS

KAYCEE REBECCA MARTIN, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-2915
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Candyce G. Perret, Judges.

MOTION TO DISMISS APPEAL DENIED.

**Skipper M. Drost**
**Marianna Schlag**
**Drost Law Firm, LLC**
**One Lakeshore Drive, Suite 100**
**Lake Charles, Louisiana 70601**
**(337) 436-4546**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **David Scott Trahan**

**Donald W. Martin**
**Post Office Box 2457**
**Leesville, Louisiana 71496**
**(832) 643-5801**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
       **William R. Martin**
       **Cynthia Martin**

**David L. Wallace**
**Post Office Box 489**
**DeRidder, Louisiana 70634**
**(337) 462-0473**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
       **Tracie Evans**
       **Tomas Evans**

**Gregory N. Wampler**
**Lemoine & Wampler**
**607 Main Street**
**Pineville, Louisiana 71360**
**(318) 473-4220**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Kaycee Rebecca Martin**

**James Huey Gibson**
**Michael Wayne Adley**
**Gibson Law Partners**
**Post Office Box 52124**
**Lafayette, Louisiana 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
       **Kaylee Basco**
       **Alvin Dowden**
       **Ashley Stanley**

**Robert Sere' Kleinschmidt, Jr.**
**Assistant District Attorney**
**Fourteenth Judicial District**
**Post Office Box 1154**
**Lake Charles, Louisiana 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **H. Lynn Jones, II, Clerk of Court**

**SAVOIE, Judge.**

Defendants-Appellees, Alvin C. Dowden, Jr.; Kaylee Basco; and Ashley Stanley, filed a motion to dismiss the instant appeal for lack of jurisdiction. For the reasons that follow, we deny the motion to dismiss the appeal.

Plaintiff-Appellant, David Scott Trahan (Trahan), filed a Rule to Cancel Mortgage and Donation on July 15, 2016. The petition has been amended four times since the original filing. At issue herein is a piece of property located in Calcasieu Parish which Trahan alleged was donated to him by Defendant, Kaycee Rebecca Brown Martin (Kaycee), on November 10, 2014. Despite having purportedly donated the property to Trahan, on May 19, 2016, Kaycee executed and filed a mortgage in favor of Defendant, William Randall Martin (Randy), wherein she mortgaged the allegedly already-donated property as security for a debt in the amount of $225,000.00, without Trahan's knowledge and/or consent. Then, on June 7, 2016, Kaycee executed and filed a donation inter vivos allegedly given by Trahan in favor of Kaycee wherein Kaycee allegedly fraudulently donated the same property from Trahan back to herself, without Trahan's knowledge and/or consent. The purportedly fraudulent act of donation was notarized by Defendant, Alvin C. Dowden, Jr. (Dowden), and witnessed by Defendants, Ashley Stanley (Stanley) and Kaylee Basco (Basco).

On August 25, 2016, after suit had been filed on July 15, 2016, Kaycee executed and filed a Dation en Paiement in favor of Randy wherein the title to the property was transferred to Randy, and, in doing so, this cancelled the mortgage. On September 2, 2016, Randy and Defendant, Cynthia Martin (Cynthia), filed a sale and mortgage of the property in favor of Defendants, Tracie L. Evans (Tracie) and Tomas P. Evans (Tomas), transferring title to the property to Tracie and Tomas.

Numerous motions and exceptions have been filed in this matter, including those at issue herein, a motion for summary judgment to revoke the original donation of the property filed by Kaycee and motions for summary judgment on loss of property,

economic loss, and emotional distress filed by Dowden, Basco, and Stanley. Following a hearing held on January 11, 2019, Kaycee's motion for summary judgment was granted, resulting in the revocation of the November 10, 2014 act of donation from Kaycee to Trahan. The remaining motions for summary judgment filed against Trahan were deemed moot. Further, all issues and claims related to the alleged forgery on the subsequent donation were rendered moot. Lastly, the trial court held that all claims asserted by Kaycee, Randy, and Cynthia were specifically reserved to them, respectively. Trahan was assessed with all costs of these proceedings. A written judgment was signed on February 8, 2019.

In the instant motion, Defendants-Appellees argue that the judgment is not a final judgment and has not been designated as a final judgment under La.Code Civ.P. art. 1915(B). Defendants-Appellees explain that in addition to seeking the revocation of Kaycee's original donation to Trahan, in her reconventional demand against Trahan, Kaycee impleaded Geaux Cajun Catering, LLC, a business she owned with Trahan. Kaycee alleged that Trahan breached fiduciary duties and mismanaged Geaux Cajun Catering, LLC, and she sought damages as a result of same. She also requested the appointment of a liquidator to investigate any mismanagement of Geaux Cajun Catering, LLC, and to conclude its affairs. Randy also filed a reconventional demand wherein he alleged that he made personal loans to Trahan and Geaux Cajun Catering, LLC, and that no payments had been made on the loans. Additionally, Randy alleged that Trahan and Geaux Cajun Catering, LLC, are in default of a promissory note. Randy later amended his reconventional demand to add his wife, Cynthia, as a plaintiff-in-reconvention. In addition to these claims, Defendants-Appellees state that Randy and Cynthia sought to pierce the corporate veil of Geaux Cajun Catering, LLC, to impose personal liability on Trahan.

Defendants-Appellees conclude that the judgment does not dispose of the entire matter and does not contain decretal language dismissing any party to the suit. As such,

Defendants-Appellees urge that the judgment is a partial final judgment for which no appeal may be taken until the judgment has been designated as final. La.Code Civ.P. art. 1915(B); *see also Gerhold v. Giles*, 11-992 (La.App. 4 Cir. 1/25/12), 83 So.3d 1170, and *McClellan v. Premier Nissan, L.L.C.*, 18-376 (La.App. 5 Cir. 12/19/18), 262 So.3d 453.

In opposition to the motion to dismiss the appeal, Trahan argues that the granting of the motion for summary judgment extinguished all issues and claims pertaining to the alleged forgery of the June 7, 2016 donation inter vivos. In fact, Trahan maintains, the language of the judgment rendered them moot. Trahan contends that his claims against Defendants-Appellees in regard to the alleged forgery of the June 7, 2016 donation, in the eyes of the court, were of no legal significance, and thus, the trial court extinguished his claims against Defendants-Appellees with finality. The very basis of the claim, Trahan urges, was eradicated, even though the merits of the case were not decided in whole. Trahan concludes that under La.Code Civ.P. art. 1915(A), a final judgment may be rendered by the court when granting a motion for summary judgment in accordance with La.Code Civ.P. art. 966. The instant appeal, Trahan adds, was filed under Article 1915(A), which, in accordance with La.Code Civ.P. art. 1911(B), is appealable without being designated a final judgment. Louisiana Code of Civil Procedure Article 1911(B) provides, in part, that "[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated."

Although the merits of the instant case were not decided in whole, the trial court's ruling dismissed, or rendered moot, all claims asserted by Trahan against Defendants-Appellees, i.e., the principal demand in this case. As such, we find that the ruling at issue is a partial final judgment under Article 1915(A) and is immediately appealable pursuant to Article 1911(B). Accordingly, we deny Defendants-Appellants motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.